**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| ROBERT STONEMAN,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | Civil No. 06-2366 (JRT/AJB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Lionel H. Peabody, **PEABODY LAW OFFICE**, 301 West First Street, Suite 600, Duluth, MN 55802, for plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

Plaintiff Robert Stoneman was awarded full disability benefits by the Department of Veterans Affairs in June 2004 based on psychiatric problems related to his military service. Based on the same problems as well as other physical ailments Stoneman sought social security disability insurance benefits ("DIB"), but that claim was denied by an Administrative Law Judge ("ALJ") in October 2005. Stoneman commenced this action for judicial review. Upon cross motions for summary judgment, United States Magistrate Judge Arthur J. Boylan issued a Report and Recommendation recommending that the decision declining Stoneman's claim be reversed.

The Commissioner of Social Security ("Commissioner") filed objections to the Report and Recommendation. This Court has conducted a *de novo* review of the Commissioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.2(b). For the reasons set forth below, the Court overrules the objections and adopts the Report and Recommendation.

## BACKGROUND

The Report and Recommendation prepared by the Magistrate Judge sets forth a thorough accounting of Stoneman's medical history, and the Commissioner does not object to that factual account. The Magistrate Judge noted that Stoneman, a former hospital corpsman in the United States Navy, was seen by doctors at the Twin Ports Veterans Administration clinic for back injuries beginning as early as January 2001 and for mental health treatment as early as May 2001. Doctors at the clinic identified myriad problems with Stoneman's back, and Stoneman's primary mental health physician at Twin Ports, Dr. Spencer, diagnosed Stoneman as having bipolar disorder and discussed with Stoneman the potential use of atypical antipsychotics. Various doctors treated Stoneman during that time, and several medications were prescribed for his use. Beginning in January 2004 Stoneman also received treatment for post traumatic stress disorder related to his military service, and in June 2004 he was granted entitlement to total individual unemployability benefits by the Veterans Administration because he was unable to work due to his service connected disability.

Dr. Spencer completed a form assessment of Stoneman's mental ability to do work related activities in December 2003. In the assessment Dr. Spencer concluded that Stoneman had limited but satisfactory capacity to do certain tasks, such as to remember procedures, understand simple directions, sustain an ordinary routine, or accept instructions. Dr. Spencer reported that Stoneman's capacity to work with others, perform at a competitive rate, deal with stress, and respond appropriately to changes was seriously limited but not beyond what was possible for Stoneman at that time. The assessment also indicated that Stoneman's mental condition would cause him to be absent from work on average more than three times per month.

The hearing before the ALJ took place in April 2005. At the hearing Stoneman testified that he had severe back pain, that he paid others to do household chores, and that he had difficulties bathing and getting dressed. He also reported severe difficulties sleeping, black outs, paranoia, hallucinations, and suicidal ideations. A Medical Expert, Dr. Felling, described Stoneman's restrictions as moderate and opined that Stoneman could do simple, repetitive activities. A Vocational Expert concluded based on Dr. Felling's report that Stoneman was capable of performing nonproduction assembly work. If the report prepared by Dr. Spencer were accurate, the Vocational Expert testified, Stoneman would not be eligible for competitive employment.

The ALJ issued the decision denying Stoneman's application for DIB on October 17, 2005. Following the sequential five step procedure set forth in 20 C.F.R.

sections 404.1520(a)(4) and 416.920(a),[1] the ALJ determined (1) that Stoneman was not currently engaged in a substantial gainful activity, (2) that plaintiff's disc disease, spinal stenosis, post traumatic stress disorder, anxiety, bipolar disorder, depression, and substance addiction disorder were severe impairments, (3) that the impairments were not presumptively disabling, (4) that Stoneman could not perform his past work as a construction worker or in general maintenance, but that (5) Stoneman could perform work in general assembly. Because Stoneman could perform general assembly work and such jobs were available, the ALJ concluded that Stoneman was not entitled to DIB. The Social Security Appeals Council denied Stoneman's request for review, and the decision of the ALJ thus became the final decision of the Commissioner. Stoneman appealed the decision of the Commissioner by filing this action.

After both sides moved for summary judgment, the Magistrate Judge issued a Report and Recommendation on June 25, 2007 recommending that Stoneman's motion be granted and that the decision of the Commissioner be reversed. The Magistrate Judge concluded that the ALJ's decision was not supported by the evidence because the ALJ

---

[1] The Eighth Circuit summarized those steps in *Fines v. Apfel*, 149 F.3d 893, 894-95 (8th Cir. 1998), as follows:

> The Commissioner must determine: (1) whether the claimant is presently engaged in a "substantial gainful activity;" (2) whether the claimant has a severe impairment-one that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

afforded more weight to the testimony of the Medical Expert than was given to the opinion of Dr. Spencer, Stoneman's treating physician. The Magistrate Judge noted that all of the other evidence in the record, including the reports of two other examining physicians, supported Dr. Spencer's conclusions and that the ALJ failed to discuss the effect of the supporting evidence, including the disability determination by the Veterans Administration.

## ANALYSIS

The Commissioner filed objections to the Report and Recommendation, arguing that a reasonable fact finder could have come to the same conclusion as the ALJ. The Commissioner maintains that Dr. Spencer's opinion about Stoneman's condition was not entitled to controlling weight because the evidence supporting Dr. Spencer's report is unreliable. Stoneman responds that Dr. Spencer's report is consistent with all the other evidence in the record and that the ALJ should have relied upon Dr. Spencer's report in issuing the decision. Review of the ALJ's decision is limited to whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The Magistrate Judge determined that the dispute hinges on the weight to be given the report issued by Stoneman's treating physician, Dr. Spencer, since it is undisputed that Stoneman would be entitled to DIB had the ALJ relied upon that report. A treating physician's opinion, while not always conclusive in determining a claimant's disability

status, is generally entitled to "substantial weight." *Burress v. Apfel*, 141 F.3d 875, 880 (8th Cir. 1998).  A treating physician's opinion is to be given "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(d)(2); *see also Dolph v. Barnhart*, 308 F.3d 876, 878-89 (8th Cir. 2002).  A decision to discount the medical opinions of a treating physician should not be done absent "good reasons" for the decision.  *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000).

The Commissioner asserts that the report issued by Dr. Spencer is not entitled to controlling weight because Dr. Spencer treated Stoneman on a limited number of occasions and because the other evidence in the record supporting Dr. Spencer's report is inconclusive.  The Commissioner acknowledges that the reports of two other doctors who examined Stoneman, those of Dr. Desmonde and Dr. Lamberty, could be understood to support Dr. Spencer's conclusions, but the Commissioner asserts that neither report is reliable.  Dr. Desmonde's conclusions, according to the Commissioner, are based on Stoneman's pain levels even though Dr. Desmonde is a mental health specialist.  As to Dr. Lamberty's report, the Commissioner highlights a statement in the report that "the true extent of [Stoneman's] symptoms [could] not be ascertained" due to Stoneman's "tendency to over-report symptoms."

The Commissioner is unable to point to any evidence in the record, however, contradicting the opinion of Dr. Spencer.  Although Dr. Lamberty's report is admittedly inconclusive in some respects, it does not contradict any aspect of Dr. Spencer's report, and Dr. Desmonde's report provides direct support for Dr. Spencer's conclusions in that

Dr. Desmonde opines that Stoneman suffers from severe mental disabilities and has a limited capacity to function. Dr. Spencer's conclusions are also supported by the fact that Stoneman was awarded disability benefits by the Veterans Administration. Although not binding on the Commissioner, such a determination is "important enough to deserve explicit attention," and the ALJ erred by failing to consider it and the effect of that determination on the reliability of Dr. Spencer's report. *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998).

The Commissioner's own rules dictate that where, as here, a treating physician's opinion is "well supported" and "not inconsistent" with other substantial evidence, that opinion is entitled to "controlling weight." 20 C.F.R. § 404.1527(d)(2). That is especially true in this case given that the contrary opinion by the Medical Expert that was relied upon by the ALJ contradicts not only the opinion of the treating physician but also the remainder of the evidence in the record. There is no dispute that Dr. Spencer's report, if relied upon, qualifies Stoneman as eligible for DIB, and the Commissioner has provided no basis on which to ignore that opinion or to question its accuracy. *See, e.g.*, *Prosch*, 201 F.3d at 1014 (discounting opinion of treating physician where it "conflicted with the medical assessments of every other physician of record"). Given that the report of the treating physician is supported by the other facts in the record, the Court concludes that the ALJ's decision to deny Stoneman benefits is not supported by substantial evidence and that granting benefits is appropriate in this case.

## ORDER

Based on the foregoing, all of the records, files and proceedings herein, the Court **OVERRULES** the government's objections [Docket No. 18] and **ADOPTS** the Magistrate Judge's report and recommendation [Docket No. 17]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion for summary judgment [Docket No. 10] is **DENIED.**

2. Plaintiff's motion for summary judgment [Docket No. 6] is **GRANTED**.

3. Judgment is entered granting plaintiff Robert Stoneman disability benefits and the case is remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner to implement the Court's order.

DATED: August 31, 2007                s/ John R. Tunheim
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
                                                       United States District Judge